IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MAAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00846-DGK |
| | ) | |
| AMOS FINANCIAL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS**

This lawsuit alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., arises from Defendant Amos Financial LLC's ("Amos Financial") attempt to collect on a state court judgment against Plaintiff William Maas ("Maas") for failure to repay a boat loan.

Now before the Court is Amos Financial's 12(b)(6) motion to dismiss for failure to state a claim. ECF No. 3. Because the Petition[1] fails to state a claim and amendment would be futile, the motion is GRANTED. This case is dismissed with prejudice. Amos Financial's request for attorneys' fees is also GRANTED.

**Standard of Review**

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (cleaned up). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

---

[1] Although in federal court the initial pleading is called a "complaint" instead of a "petition," because this case was removed from Missouri state court where the initial pleading is captioned a petition, the Court uses "Petition" to denote Plaintiff's initial pleading.

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Background

On January 12, 2015, Amos Financial obtained judgment in the Circuit Court of Jackson County, Missouri, against Maas in the principal amount of $233,395.28 and interest of $59,307.97 for a total amount of $292,703.25 ("the Judgment") for Maas's failure to repay a boat loan. The Judgment did not specify a post-judgment interest rate. In September 2021, Amos Financial attempted to enforce the Judgment by filing a garnishment application in state court in which Maas's debt was calculated at Missouri's statutory nine percent post-judgment interest as set forth in Missouri Revised Statute 408.040.

On September 6, 2022, Maas filed this lawsuit against Amos Financial in Jackson County Circuit Court. The Petition alleges Amos Financial violated § 1692k of the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect the debt in the garnishment proceeding at a statutory rate of nine percent when interest in the Judgment was calculated at six and a quarter percent, the rate set forth in the boat loan's note. Pet. ¶¶ 14–15, 23, ECF No. 1–2. It alleges

Amos Financial's attempt to collect the post-judgment debt at a nine percent interest rate was wrong, deceptive or misleading, and unfair. *Id*. ¶¶ 15, 18–21.

## Discussion

Amos Financial argues that the Court should dismiss Maas's lawsuit because Missouri Revised Statute 408.040 *requires* that post-judgment on contract claims must be calculated at nine percent unless the contract allows a higher rate, even if the judgement is silent as to the post-judgment interest rate.[2] It cites the statute and a Missouri Supreme Court case, *Dennis v. Reizman Berger, P.C.*, 529 S.W.3d 318 (Mo. 2017) in support. It also argues that under the FDCPA's attorneys' fee provision it is entitled to its attorneys' fees and costs as the prevailing party.

**I.   Amos Financial seeking nine percent interest did not violate the FDCPA.**

The Petition's central claim—that attempts to collect the post-judgment debt at a nine percent interest rate violates the FDCPA—is incorrect as a matter of law. The mortgage Maas executed regarding his boat purchase expressly provides that judgment interest "will be payable at the applicable judicial judgment rate." First Preferred Ship Mortgage ¶ 19, ECF No. 4-1. When the state court entered the Judgment against Maas on January 12, 2015, the applicable statute stated:

> In all nontort actions, interest shall be allowed *on all money due upon any judgment* or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; *all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid*.

---

[2] Amos Financial makes several other arguments in favor of dismissal that the Court need not address because this argument is dispositive.

Mo. Rev. Stat. § 408.040(1) (emphasis added). This language allows judgment creditors to collect nine percent interest on the entire amount of the judgment debt, not just the principal. Further, the Missouri Supreme Court has held that the statutory nine percent interest rate automatically applies, whether or not the judgment includes it:

> While it may be best practice that a judgment state the entire amount due, both the principal and interest, the successful litigant does not forfeit the right to collect the statutorily authorized interest by the lack of a specific award as to post-judgment interest in nontort actions. The judgment must only recite the "money due" or principal, and then the statute makes that amount bear interest, at the statutorily defined rate, to the time of payment. Post-judgment interest for nontort actions is awarded as a matter of law pursuant to § 408.040.1 and automatically accrues, *regardless of whether the judgment expressly includes it*.

*Dennis*, 529 S.W.3d 318 at 321 (emphasis added) (interpreting identically worded, but differently paginated, statute which came into effect after January 15, 2015).

Maas contends "Defendant should only be collecting interest at the contract rate of 6.25% which is the rate the [Missouri court] awarded in calculation of pre-judgment interest and the rate with which Defendant requested from the Court in its State court petition." Pl.'s Suggestions in Support at 3–4, ECF No. 9-1. This argument is unavailing—it is inconsistent with the statute and the holding in *Dennis*, and Maas cites no caselaw or other support.

Given the law, there is no way Amos Financial is, or could be, liable for the misconduct alleged, and the motion to dismiss is granted. Further, since amendment is futile, dismissal is with prejudice.

**II.     Amos Financial's request for attorneys' fees is also granted.**

Finally, Amos Financial contends—and Maas does not dispute—that it should be awarded attorneys' fees. While it is a close call, this request is granted.

4

The statute Maas brought his lawsuit under provides, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). "Neither Congress nor the Eighth Circuit has defined the phrase 'bad faith and for the purpose of harassment,' within the meaning of the FDCPA." *Johnson v. I.C. System, Inc.*, 2016 WL 304545, 4:15CV01574-AGF, at *2 (E.D. Mo. Jan. 25, 2016). But "[t]he hallmark of a bad-faith lawsuit is one 'where the suit is so completely without hope of succeeding that the court can infer that the plaintiff brought the suit to harass . . . rather than to obtain a favorable judgment.'" *Black v. Equinox Fin. Mgmt. Sols., Inc.*, 444 F. Supp. 2d 1271, 1275 (N.D. Ga. 2006) (quoting *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir. 1985)); *see also Johnson*, 2016 WL 304545, at *2 (declining to award attorneys' fees where the plaintiff's "claim—while lacking in merit—was brought in hopes of succeeding and not simply to harass").

Here there is ample circumstantial evidence that this case was brought in bad faith and to harass Amos Financial's ordinary and lawful attempt to collect a debt. The central premise of the lawsuit was completely meritless; the argument in Maas' brief opposing dismissal was incredibly short (less than a page) with no citation to caselaw or other legal authority; and Maas does not contest this request or argue the lawsuit was brought in good faith. These factors collectively indicate Maas knew from the outset this lawsuit was hopeless, which explains why he invested no resources in prosecuting it. It appears Maas brought this lawsuit solely to harass Amos Financial by unfairly delaying its recovery and driving-up its recovery costs. Consequently, Amos Financial should be awarded its reasonable attorneys' fees.

On or before September 5, 2023, Amos Financial shall submit documentation of its reasonable attorneys' fees incurred in defending this lawsuit. Maas shall have fourteen days to

file any response. This response shall not exceed five pages of argument and shall not be used to relitigate whether the Court should award attorneys' fees. If Maas files a response, Amos Financial shall have seven days to file any reply, and this reply shall not exceed five pages of argument. The Court will then determine a reasonable award of attorneys' fees.

## Conclusion

For the reasons discussed above, Amos Financial's motion to dismiss is GRANTED. Maas' claims are dismissed with prejudice.

Amos Financial's request for attorneys' fees is also GRANTED. The Court will enter an award of attorneys' fees after the amount sought has been fully briefed.

**IT IS SO ORDERED.**

Date:   August 22, 2023            /s/ Greg Kays                     
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT